IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE YOUNG                                                                                                                PLAINTIFF

v.                                                  Civil No. 4:20-cv-04044

ADMINISTRATOR ERIC; and
JANE DOE DOCTOR, Nevada
County Detention Center                                                                                                DEFENDANTS

## ORDER

Plaintiff Willie Young filed his Complaint *pro se* on May 29, 2020. (ECF No. 1). The Complaint was provisionally filed prior to a determination regarding Plaintiff's status as a pauper and service of process. Plaintiff was instructed to submit a complete *in forma pauperis* ("IFP") application for the Court's review by June 17, 2020. Plaintiff was also instructed to submit an Amended Complaint by June 17, 2020. (ECF No. 3). Plaintiff sought an extension of time to file an Amended Complaint, which was granted, extending the deadline to submit an IFP application and Amended Complaint to July 7, 2020. (ECF No. 6). The Order grating the extension states: "If Plaintiff fails to return the completed IFP application or pay the $400 by July 7, 2020, the complaint shall be subject to summary dismissal for failure to obey an order of the Court." *Id*. The Order further states: "This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint by the Court's imposed deadline of July 7, 2020." *Id*. Plaintiff has failed to file a completed IFP application or an Amended Complaint.

On July 23, 2020, this Court entered an Order directing Plaintiff to show cause by August 13, 2020, as to why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 7). As of the date of this Order, Plaintiff has not responded to the Court's show cause order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 1) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of August, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge